EXHIBIT A
Page 1 of 2

# Complaint



STATE OF MICHIGAN

IN THE 36TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

**********

HOLLY BOONE,

Plaintiff,

vs.

COLUMBIA TOWNSHIP,

Defendant.

Case No. 23-073175-CH

HONORABLE ______________

---

David M. Zessin (P33609)
Derek W. Dalman (P80169)
CUNNINGHAM DALMAN, P.C.
Attorneys for Plaintiff
321 Settlers Road, P.O. Box 1767
Holland, MI 49422-1767
(616) 392-1821

---

**COMPLAINT**

**NO PRIOR ACTIONS**

There is no pending civil action arising out of the transaction or occurrence alleged in the complaint.

**PARTIES**

1. Plaintiff, Holly Boone ("Boone"), is the owner of real property located at 10236 51st Street, Columbia Township, Van Buren County, Michigan ("Boone Property").

2. Defendant, Columbia Township ("Township"), is a general law township located in Van Buren County, Michigan.

EXHIBIT 1
Page 3 of 2

## JURISDICTION AND VENUE

3. This matter concerns events occurring and property located in Van Buren County, Michigan.

4. This matter concerns claims to determine interests in land which are claims under the exclusive jurisdiction of the circuit court.

5. The amount in controversy is in excess $25,000.00, exclusive of court costs and attorney fees.

6. Plaintiff seeks equitable relief available only in this Court.

7. Venue in this court is proper because the Defendant is a governmental unit in Van Buren County.

## BACKGROUND

8. The Boone Property is approximately 1.86 acres in size, zoned R-2 Residential Resort by the Township.

9. The Boone Property is a wedge-shaped parcel of land with frontage on Saddle Lake.

10. Pursuant to Columbia Township Zoning Ordinance Sec. 3.02(D), the maximum floor area for an accessory building on a parcel less than two acres, zoned R-2 Residential Resort, is 1,280 square feet.

11. Pursuant to Columbia Township Zoning Ordinance Sec. 4.03(A)(5) provides, in relevant part:

> Generally, as long as the general setback regulations of this Article are met, accessory structures and buildings may be allowed in any yard but shall not be erected in the required street front yard.

12. The structure being constructed by Boone is not in the street front yard.

13. Columbia Township Zoning Ordinance Sec. 4.03(D)(2) provides, in relevant part, as follows:



> Accessory structures shall not extend closer to the lake than existing accessory structures on adjacent lots within 200 feet on either side. If there are no similar structures on adjacent lots within 200 feet then the setback shall be the same as for a dwelling….

14. Further, Columbia Township Zoning Ordinance Sec. 4.03(D)(1) provides:

> Principal structures and all dwelling structures shall not extend closer to the lake than existing structures of the same type on adjacent lots or lots within 200 feet on either side. If there are no occupied lots within 200 feet then the setback shall be 25 feet from the normal high water level or established flood hazard elevation.

15. Similarly, Columbia Township Zoning Ordinance Sec. 4.03(D)(2)(1) provides that, for waterfront lots, the required waterfront setback for all structures shall be not less than 25 feet, or the average setback of structures of the same type on adjacent parcels within 200 feet.

16. Upon information and belief, there are no similar structures to that being constructed by Boone on adjacent lots within 200 feet on either side of the Boone Property.

17. Pursuant to Township Zoning Ordinance Secs. 4.03(D)(1) and (2), the default setback for the construction of any structure on waterfront property is 25 feet.

18. Boone submitted a Zoning Permit Application to the Township on November 1, 2022, seeking to construct a pole barn on the Boone Property. (Zoning Permit Application attached as **Exhibit A**).

19. The Zoning Permit Application identified the "[p]roposed structure length" as 56 feet and the "[p]roposed structure width" as 36 feet. (**Exhibit A**, p. 2).

20. The Zoning Permit Application further asserted that the building would be constructed 90 feet from the lake. (**Exhibit A**, p. 2).

21. The Zoning Permit Application was accompanied by a Survey Certificate, showing the proposed building with dimensions of 36 feet wide by 56 feet long, and sitting closer to



the lake than the dwelling already in existence on the Boone Property. (Survey Certificate attached to **Exhibit A**).

22. On November 18, 2022, the Township issued a Zoning Permit to Boone, indicating that she was permitted to construct the building in the size of "56' x 36'" as Boone had applied for. (Zoning Permit attached as **Exhibit B**).

23. Further, the Zoning Permit certified that "the approved application is in compliance with Columbia Township Zoning Ordinance, and that authority is hereby granted to the owner of said property to make changes to the property as detailed in the application in compliance with all conditions that may have been placed on such approval." (**Exhibit B**).

24. No additional conditions were placed on the approval of the Zoning Permit.

25. The Zoning Permit issued to Boone was accompanied by an email from Township Zoning Administrator Beth Middleton-Pompey which advised Boone to contact Building Inspector Chuck Moore to obtain a building permit. (Middleton-Pompey email attached collectively to Zoning Permit as **Exhibit B**).

26. As directed, Boone met with Building Inspector Moore at her property and obtained a Building Permit on January 5, 2023. (Building Permit attached as **Exhibit C**).

27. The Building Permit issued by Building Inspector Moore specifically indicated that the Permit was for a "36' x 56'…Polebarn (sic) Storage Bld." (**Exhibit C**).

28. After the Building Permit was issued, Boone began construction of the building.

29. Building Inspector Moore inspected the construction of the building on two additional occasions, March 30 or 31, 2023, and April 12, 2023.

30. The building's location and proximity to the lake was readily apparent during each of Building Inspector Moore's inspections.

31. At no point during either of these inspections did Building Inspector Moore indicate that there were any issues with the construction of the building, as permitted and where located.

32. On April 21, 2023, Building Administrator Beth Middleton-Pompey and Building Inspector Moore returned to Boone's property with a Stop Work Order.

33. Per the Stop Work Order, the same was issued "Due to size & zoning compliance." (Stop Work Order attached as **Exhibit D**).

34. Boone has obtained a Soil Erosion & Sedimentation Control Permit through the Van Buren County Drain Commissioner. (Soil Erosion & Sedimentation Control Permit attached as **Exhibit E**).

35. When the Stop Work Order was posted, Boone's construction of the accessory building was in compliance with the size authorized by the Building Permit and Zoning Permit.

36. The total floor area of the building Boone is constructing pursuant to the zoning and building permits issued by the Township is 2,016 square feet.

37. The Stop Work Order fails to provide what zoning ordinance Boone was allegedly not in compliance with.

38. The Stop Work Order was posted over four months after the Building Permit was issued to Boone, and over six months after the Zoning Permit was issued.

39. At the time the Stop Work Order was issued, Boone had invested a significant amount of money into the construction of the building and a significant portion of the building had been constructed.

40. Boone invested the money and commenced construction in reliance upon the Township's approval and issuance of the necessary permits.

41. Boone has ceased construction of the building as required by the Stop Work Order.



42. On May 5, 2023, Boone submitted an Application for Appeal to the Columbia Township Zoning Board of Appeals.

43. At a public hearing held on June 21, 2023, the Zoning Board of Appeals denied Boone's appeal, thereby exhausting Boone's administrative remedies.

## COUNT I – REGULATORY TAKING

44. Boone restates the preceding paragraphs as if fully stated herein.

45. Columbia Township Zoning Ordinance Sec. 3.02(D) was in existence at all times relevant to this matter.

46. Despite the existence of Columbia Township Zoning Ordinance Sec. 3.02(D), the Township issued Boone Zoning and Building Permits which authorized her to construct an accessory building in excess of the 1,280 square feet permitted by the ordinance.

47. In reliance upon the Township issuing the Zoning and Building Permits, Boone had invested approximately $52,597.60 into the construction of the pole barn at the time the Stop Work Order was posted.

48. In reliance upon the Township issuing the Zoning and Building Permits, the building was substantially constructed at the time the Stop Work Order was posted.

49. Prior to the Stop Work Order being posted, Boone had not been informed by the Township that the building was in conflict with any ordinance.

50. Boone acquired a vested right to build the pole barn under the permits issued by the Township.

51. Boone was, and continues to be, deprived of her vested right to construct the pole barn due to the Township's Stop Work Order.

52. Boone's damages are continuing as she continues to be deprived of her vested right to construct and use the pole barn.



WHEREFORE, Boone respectfully requests that this Court enter an Order:

a.   Declaring that Boone has a vested property interest in the construction of the pole barn;

b.   Enjoining the Township from enforcing the improperly issued Stop Work Order;

c.   Awarding Boone monetary damages due to the ongoing, regulatory taking;

d.   Awarding Boone her costs and attorneys fees which have been wrongfully incurred; and

e.   Awarding Boone such further relief as this Court deems just and appropriate.

## COUNT II – EQUITABLE ESTOPPEL

53. Boone restates the preceding paragraphs as if fully stated herein.

54. By issuing facially valid Zoning and Building Permits, the Township represented to Boone that she had the authority to construct a 36 foot by 56 foot building.

55. By issuing facially valid Zoning and Building Permits, the Township induced Boone to believe that she had the authority to construct a 36 foot by 56 foot building.

56. In reliance upon the facially valid Zoning and Building Permits issued by the Township, Boone paid for, and completed, a significant portion of the construction of the building as authorized by the permits.

57. Boone's reliance upon the facially valid Zoning and Building Permits was justifiable where each indicated that a 36 foot by 56 foot accessory building had been approved for construction.

58. If the Township is permitted to deny the existence of the facially valid Zoning and Building Permits, and that they vested Boone with the authority to construct a building in conformity therewith, Boone will be prejudiced.



59. Boone has sustained damages in the amount of $ 52,597.60 that she has invested into the construction of the building, built upon the reliance of the facially valid Zoning and Building Permits issued by the Township.

WHEREFORE, Boone respectfully requests that this Court enter an Order:

    a.   Declaring that the Township is estopped from enforcing its Stop Work Order;

    b.   Declaring that Boone is permitted to construct the 36 foot by 56 foot building as authorized by the Zoning and Building Permits;

    c.   Awarding Boone her costs and attorneys fees which have been wrongfully incurred; and

    d.   Awarding Boone such further relief as this Court deems just and appropriate.

## COUNT III – DUE PROCESS VIOLATION

60. Boone restates the preceding paragraphs as if fully stated herein.

61. Boone is entitled to due process under the 14th Amendment of the United States Constitution and Article 1, Section 17 of the Michigan Constitution of 1963.

62. The Stop Work Order issued by the Township provides that it was issued "[d]ue to size & zoning compliance." (**Exhibit D**).

63. Boone had already been approved to build a building at the dimensions it was being constructed pursuant to the Zoning Permit and Building Permit issued by the Township.

64. The Stop Work Order fails to provide which zoning ordinance Boone was allegedly not in compliance with, leaving her guessing.

65. Township Zoning Ordinance Sections 4.03(A)(5), 4.03(D)(1), (D)(2) and (D)(2)(1) allow the construction of accessory buildings on waterfront lots with 25 foot setback from the water.



66. Zoning Ordinance 4.03(D)(1) and (2) indicate that the 25 foot setback is "from the normal high water level or established flood hazard elevation."

67. Zoning Ordinance 4.03(D)(2)(1) provides a setback of not less than 25 feet for all structures on waterfront lot but does not provide where the measurement is to be taken from.

68. The multiple zoning ordinances pertaining to waterfront setbacks, each containing different standards for measurement, create ambiguity.

69. Due to the ambiguity of the zoning ordinances, any enforcement would be arbitrary.

70. The Zoning Permit Application is also not in conformity with the zoning ordinance requirements for setback.

71. The Zoning Permit Application indicated that the building would be constructed 90' "from the lake stream, pond...[t]o be measured from the high water mark."

72. To any extent that the Township attempts to enforce the 90' setback indicated on the Zoning Permit Application, such a setback is not required by any Township Zoning Ordinance.

73. Further, the measurement standard on the Zoning Permit Application differs from the Township Zoning Ordinances, making such a measurement arbitrary.

74. The accessory building, as was being constructed at the time the Stop Work Order was posted, stands beyond 25 feet from the lake.

75. Boone's construction of the building, as authorized by the Township, does not unreasonably impact the neighboring properties.

76. The Township posted the Stop Work Order without providing an opportunity for Boone to be heard on the issue.



77. Boone, having invested $52,597.60 into the construction of the building, and having constructed a significant portion of the building, had a vested property right in the construction of the building.

78. The Township, by posting the Stop Work Order and forcing Boone to cease construction, deprived her of her vested property right.

79. The Township's decision to issue a Stop Work Order to halt construction of Boone's accessory building, which was being constructed pursuant to the authority provided by zoning and building permits, is arbitrary, capricious and unreasonable.

WHEREFORE, Boone respectfully requests that this Court enter an Order:

    a. Declaring that the Township has violated Boone's due process rights by arbitrarily issuing the Stop Work Order, arbitrarily enforcing ambiguous zoning ordinances and depriving Boone of her vested property interest in the construction of the accessory building;

    b. Awarding Boone her costs and attorneys fees which have been wrongfully incurred; and

    c. Enjoining the Township from enforcing the Stop Work Order against Boone regarding the construction of this building which Boone has been constructing pursuant to the authority granted by the Township.

## COUNT IV – LACHES

80. Boone restates the preceding paragraphs as if fully stated herein.

81. The Township issued Boone a Zoning Permit to construct a "56' x 36'" accessory building on November 18, 2022. (**Exhibit B**).

82. The Township further instructed Boone to contact Building Inspector Moore to obtain a building permit for the building. (**Exhibit B**).

83. As directed, Boone met with Building Inspector Moore and obtained a Building Permit for a "36' x 56'…Polebarn (sic) Storage Bld." on January 5, 2023. (**Exhibit C**).



84. The Township issued the Stop Work Order on April 21, 2023, over four months after the Building Permit and six months after the Zoning Permit were issued to Boone.

85. The Stop Work Order was also issued after Building Inspector Moore had personally inspected the construction of the building on multiple occasions.

86. The Stop Work Order was issued after Boone had invested $52,597.60 into the construction of the building in reliance upon the Zoning Permit and Building Permit issued by the Township.

87. The Stop Work Order was issued after a significant portion of the building had been constructed.

88. The Township had at least four months, and at most six months, to raise the alleged issue with the building's size, despite their authorization for Boone to construct the same.

89. The Township, for at least four months, failed to raise the alleged issue.

90. The Township failed to exercise reasonable diligence in raising the alleged issue and issuing the Stop Work Order to Boone.

91. For failing to exercise reasonable diligence, the Township is precluded from preventing Boone from finishing construction of the building that the Township authorized her to build.

WHEREFORE, Boone respectfully requests that this Court enter an Order:

    a.  Declaring that the Township is estopped from enforcing its Stop Work Order against Boone;

    b.  Declaring that Boone be permitted to complete the construction of the building pursuant to the Zoning Permit and Building Permit issued by the Township;

    c.  Awarding Boone her costs and attorney fees which have been wrongfully incurred; and

    d.  Such further relief as this Court deems just and appropriate.



## COUNT V – VIOLATION OF CIVIL RIGHTS UNDER 42 USE 1983

92. Boone restates the preceding paragraphs as if fully stated herein.

93. The provisions of 42 USC 1983 impose civil liability for damages, costs and attorney fees upon a party who, under color of ordinance, seeks to deny a person the rights, privileges and immunities secured for them under the U.S. Constitution.

94. As set forth above, the Township's actions in posting the Stop Work Order due to unspecified "zoning compliance" issues denied Boone the right to due process.

95. As set forth above, Boone had acted in reliance upon the Township's authorization to construct the building and had invested $52,597.60 into its construction which was significantly underway at the time the Stop Work Order was posted.

96. Boone had a vested property interest in the construction of the building.

97. By posting the Stop Work Order, the Township deprived Boone of her vested property interest in violation of the 14th Amendment of the United States Constitution.

WHEREFORE, Boone respectfully requests that this Court enter an Order:

a. Enjoining the Township from enforcing its Stop Work Order against Boone;

b. Awarding Boone damages, including costs and attorney fees pursuant to 42 USC 1983; and

c. Such further relief as this Court deems just and appropriate.

Cunningham Dalman, P.C.
Attorneys for Plaintiff

Dated: July 27, 2023        By: _____
Derek W. Dalman (P80169)

12

23 CO-1

ZONING SOLUTIONS, LLC
PO BOX 222
CASSOPOLIS, MI 49031
OFFICE: 269-535-7463
EMAIL: mizoningsolutions@gmail.com

| Permit # | 2022·8000·0020 |
|---|---|
| Fee | $60.00 |
| Method of Payment | CK# 7124 |
| Date Received | 11-1-2022 (REC) |
| Date Deemed Complete | 11-18-22 |
| Received By | PB |

MAKE CHECK PAYABLE TO THE MUNICIPALITY IN WHICH YOUR PROJECT IS LOCATED

## ZONING PERMIT APPLICATION

A drawing (site plan shown from a "bird's eye" view) indicating property lines, location of N buildings presently on the property and the location of the proposed new structure(s), must be submitted with this application. The site plan should also include measurements from your new project to property lines and distances between all structures. An application will not be deemed complete or processed until the permit fee has been paid, a site plan submitted, proof of ownership provided, and this form completed. "Change of Use" applicants are exempt from providing site plans indicated and instead, will provide a statement of the proposed new use of the existing structure.

L-7
1.5 ACRES

### Project Location / Property Owner Information

Street Address **10236 51 ST St**

Parcel Number **80-06-015-043-00**

Municipality () City () Village (✓) Township of: **COLUMBIA**

Name of Property Owner **HOLLY BOWE**

Address **10236 51 ST St** City State **GRAND JUNCTION** Zip **49056**

Telephone **708.641.1671** Email **HB6491@GMAIL.COM**

### Applicant (Contractor / Property Owner Information)

() Contractor (✓) Property Owner

Name **SEE ABOVE**

Address ___ City, State ___ Zip ___

Telephone ___ Email ___

### Type of Project (Please mark as many as are applicable).

(✓) New Construction
() Addition
() Alteration / Remodel
() Change of Use (Current Use ___)
(✓) Other **POLE BARN / STORAGE ONLY**

( ) Single Family Home
( ) Multifamily Home
( ) Mobile Home or Prefabricated Home
( ) Attached Garage
( ) Detached Garage
(✓) Accessory Building (Other)
( ) Fence
( ) Deck / Porch
( ) Commercial Building
( ) Other ___

Zoning Permit Application Page 1 of 3

## Building Characteristics

The proposed building characteristics of this project are as follows:

| Feet | Description | Detail |
|---|---|---|
| 10'4" | From front lot line, measured from | ( ) Center line of road    ( ) Right of way line |
| 10'4 | From front lot line on a body of water | Measured from the high water mark |
| 10'4 | From rear property line | Measured from the rear property line |
| 10'4 | From right side lot line | Determined from the road looking at the lot |
| 10'4 | From left side lot line | Determined from the road looking at the lot |
| 39' | From any and all existing structures | Determined from closest point on each structure |
| 12 | Wall height of proposed structure | Determined from average undisturbed grade |
| 19 | Ground to peak height of proposed structure | Determined from average undisturbed grade |
| 56 | Proposed structure length | From widest point of structure |
| 36 | Proposed structure width | From widest point of structure |
| 2016 | Square feet of gross floor area | Total square footage of structure |
| None | Square feet of living space | Finished space for living for habitation |
| | Total lot coverage | Total lot coverage of all structures |
| 90' | Distance from lake, stream, shore, pond | To be measured from high water mark |
| | Agricultural Use (100%) ( ) Yes (☒) No | If yes, Letter of Understanding required. |

I, the undersigned, affirm that the foregoing answers, statements, and information and any attachments are in all respects true and correct to the best of my knowledge and belief. I understand that the Zoning Permit applied for, if granted, is issued on the representations made herein and that any Zoning Permit subsequently issued may be revoked because of any breach of representations or conditions, or because of the lack of continued conformance with zoning ordinance requirements. I understand that incomplete applications which also includes application fees will not be processed. Incomplete applications will be closed after 45 days, applicant will have to re-submit all including all applicable fees. I, the undersigned, fully understand that acceptance and/or approval of this applicaton for zoning permit does not confer approval by any other municipal entity. I, the undersigned, authorize the Zoning Administrator and any other person authorized by the Zoning Administrator, to enter onto the property subject to this permit hereon for the purpose of conducting inspections for compliance. Failure by the undersigned to permit such inspections shall result in the Zoning Permit Application being denied, or immediate termination of the Zoning Permit that has been issued. I hereby certify that the proposed work is authorized by the owner of record and that I have been authorized by the owner to make this application as his/her authorized agent, and agree to conform to all applicable laws of the State of Michigan. I understand that the Zoning Administrator may require that a survey be performed to verify information regarding the property and/or buildings and/or structures located on the parcel. I understand that incomplete applications, or applications that have been denied, will only be held open for 45 days. After 45 days, a new application will have to be submitted along with new application fees.

| | | |
|---|---|---|
| APPLICANT SIGNATURE | *[signature]* | DATE  11·1·22 |
| PROPERTY OWNER SIGNATURE | *[signature]* | DATE  11·1·22 |

## OFFICIAL USE ONLY

( ) Approved        (·) Approved with Conditions        ( ) Denied

Zoning Administrator Signature  *[signature]*

Zoning Permit Application Page 2 of 3

TOTAL ACKERAGE
1.86

## Site Plan / Plot Plan

Place the NORTH ARROW in the CORRECT DIRECTION here: _____



The plot plan must be completed in its entirety prior to any review. This grid paper may be used or a separate plan attached. Required information includes, but is not limited to:

1. The location, shape, area and dimension of the lot.

2. The location, dimensions, and height of any and all existing and/or proposed structures to be erected, altered, or moved on the lot. Measurements from all property lines and other structures shall be included. Measurements shall be from widest point of structure to widest point of structure.

3. All streets that adjoin the property.

4. All front, side and rear yard setback dimensions, and where such dimensions are measured from.

5. Location of any lakes, streams, ponds or wetlands, on or adjoining the property

6. Configuration of existing and/or proposed driveways.

7. Location of any existing and/or proposed septic system, drain field and well easements or right of ways.

8. Location of any existing and/or proposed legal easements.

# SURVEY CERTIFICATE

If this certificate is used for transfer of title, Act 288 of Public Acts of 1967 must be complied with

## PART OF THE SOUTHWEST QUARTER OF SECTION 15, T.1S.-R.15W., COLUMBIA TOWNSHIP, VAN BUREN CO., MICHIGAN.



## Boone, Holly

| | |
|---|---|
| **From:** | HB <hb60491@gmail.com> |
| **Sent:** | Monday, November 21, 2022 8:14 AM |
| **To:** | Boone, Holly |
| **Subject:** | Fwd: Zoning Permit |
| **Attachments:** | Zoning Permit Cover Letter.pdf; ATT00001.htm; Boone Zoning Permit.pdf; ATT00002.htm |

Sent from my iPhone

Begin forwarded message:

> **From:** Beth Middleton-Pompey <za@columbiatwp.com>
> **Date:** November 21, 2022 at 9:07:46 AM EST
> **To:** Ruth Cripps <secretary@columbiatwp.com>, hb60491@gmail.com
> **Subject: Zoning Permit**

Good morning,

Your request for a zoning permit has been approved.  Please refer to the attached documentation and contact Building Inspector Moore to obtain your building permit.  Thank you.

Respectfully,

**Beth Middleton-Pompey**
**Zoning Administrator**
**Columbia Township**
**53053 County Road 388**
**PO Box 323**
**Grand Junction, MI 49056**
**(269) 535-7463**

**Confidentiality Notice:** This email and any attachment to it are intended only for the use of the intended recipient(s).  If you have received this transmission in error, please immediately notify the sender by "reply" and permanently delete this message from your computer system.  **Reliance:** Any legal opinion expressed in this email, including any attachment may only be relied upon by those persons or entities that are clients of Beth Middleton-Pompey or the municipality being represented.  This email and/or attachments are considered privileged information to the intended recipient(s).  **Non-binding Electronic Transmission:** This mail, including statement, symbols or any attachment, is not meant to constitute an electronic signature or an offer, acceptance or intent to contract electronically.  **IRS Required Notice:** To ensure compliance with IRS regulations, we inform you that any tax advice contained in this communication, including any attachment, is not intended or written to be used, ad cannot be used, for the purpose of (I) avoiding tax penalties or (II) promoting, marketing or recommending to another party any transaction or matter addressed herein.

1

# COLUMBIA TOWNSHIP
**Van Buren County, Michigan**

## ZONING PERMIT

| | |
|---|---|
| Date: | November 18, 2022 |
| Property Owner: | Holly A. Boone |
| Address: | 10236 51st St |
| City, State, Zip Code | Grand Junction, MI 49056 |
| Zoning District:: | R-2 |
| Project Address: | Same as above |
| City, State, Zip Code | Same as above |
| Parcel ID Number: | 80-06-015-043-00 |
| Type Of Structure: | New Construction – Accessory Structure |
| Size Of Building Or Structure: | 56' x 36' |
| X  Approved as Submitted: | ☐ Approved with Conditions |
| Building Permit Required: | X Yes    ☐ No |
| Agricultural Use: | ☐ Yes    X No |

**SPECIAL CONDITIONS: None.  Permit #2022-80-06-0020**

This Zoning Permit is issued to certify that official approval has been granted by the Columbia Township Zoning Administrator on your Zoning Permit Application. This permit certifies that the approved application is in compliance with Columbia Township Zoning Ordinance, and that authority is hereby granted to the owner of said property to make changes to the property as detailed in the application in compliance with all conditions that may have been placed on such approval.

This Zoning Permit authorizes all construction activities, land uses, building setbacks, parking locations, and all other site development features in compliance with the approved Plot Plan/Site Plan, dated and/or revised for a time period not to exceed 12 months from the date of issuance and all conditions made part of such approval.

The erection of a building or structure, or excavation for any building or structure, prior to the issuance of a Building Permit is a violation of the Columbia Township Ordinance. A Building Permit will not be issued until a Zoning Permit has been issued and all requirements of all applicable building codes have been met. This Zoning Permit does not signify compliance with local, county or other building codes, or with the requirements of the Van Buren County Health Department.

This instrument does not convey property rights in either real estate or material, nor does it authorize any injury to private property or invasion of public or private rights, nor does it waive the necessity of conforming to all applicable federal, state, and local statutes and acquiring all other necessary permits from such authorities. This permit expires 12 months from the date of issuance.

Respectfully,

**Beth Middleton-Pompey**
**Zoning Administrator**
Columbia Township

EXHIBIT B

# BUILDING PERMIT

ZONING # 2022 8006 0020

DATE 1-5-23

AMOUNT PAID Ck# 7138
Pd 165.24

VALIDATION

PERMIT NO. 23C01

APPLICANT  Holly Boone

PERMIT TO  Storage          NO. ( )  STORY

(TYPE OF IMPROVEMENT)

AT (LOCATION) 10236 51st

ADDRESS          (NO.)          (STREET)

(PROPOSED USE)

NUMBER OF
DWELLING UNITS

ZONING
DISTRICT

BETWEEN _____ (STREET) _____ AND _____ (CROSS STREET) _____

(NO.)          (CROSS STREET)

LOT
SIZE

SUBDIVISION _____          LOT _____          BLOCK _____

BUILDING IS TO BE 6-R          FT. WIDE BY 36          FT. LONG BY 18          FT. IN HEIGHT AND SHALL CONFORM IN CONSTRUCTION

TO TYPE 6-R          USE GROUP 4          BASEMENT WALLS OR FOUNDATION  Post on Pad

REMARKS:  Permit for 36' X 56' X 18' H. Pole barn Storage Bld

(TYPE)

ESTIMATED COST $ 20,000          PERMIT FEE $ 165.24

AREA OR
VOLUME  1944
(CUBIC / SQUARE FEET)

OWNER  Same

ADDRESS  80-06-016-042-60

BUILDING DEPT.
BY

(CONTR'S LICENSE)

PINK - DEPT. FILE COPY • WHITE - FIELD COPY • GREEN - CERTIFICATE OF OCCUPANCY • YELLOW - APPLICANT COPY • BLUE - ASSESSOR'S COPY

EXHIBIT B
Page 21 of 2





# VAN BUREN COUNTY DRAIN COMMISSIONER
# SOIL EROSION & SEDIMENTATION CONTROL PERMIT

Date Issued: July 3, 2023  Permit #: 06-23-07-3172  Expiration Date: July 3, 2024

**Issued under the authority of Part 91, Soil Erosion and Sedimentation Control, of the Natural Resources and Environmental Protection Act 1994 PA 451, as amended.**

Permittee/Owner: Holly Boone  Phone: 708-641-1671
Address: 10236 51st Street  City: Grand Junction  State: Michigan  Zip Code: 49056

On-Site Responsible Person: Holly Boone  Business Name/Property Owner: Property Owner
Phone: 708-641-1671  Email: hollyboone@isms.org

**Address where earth change will take place:**

Address: 10236 51st Street  City: Grand Junction  State: MI.  Zip Code: 49056

Parcel #: 80-06-015-043-00  Township: Columbia Township  Range: 15W  Van Buren County.

Permitted Activity: Earth change resulting from land balancing and construction of a pole building.

Agent Signature:

Colin DeYoung, SESC Agent, Certificate No. SE/C 03488

SPECIFIC CONDITIONS:

1. Erosion control measures to be installed and maintained as shown on SESC Plan. (Silt fence must be trenched in 4-6")
2. Be aware that grade changes resulting in increased runoff onto adjacent property is subject to civil damage litigation.
3. No sediment to reach the waters of lakes, ponds, adjacent wetlands, private or public properties, including but not limited to storm drains, sewers, streets, etc.
4. Minimum 25' buffer strip of undisturbed natural vegetation between earth change activity
and n/a.
5. Any stockpiles of soil left over 90 days are to be temporarily seeded in cover crop and/or blanketed.
6. Permanent soil erosion control measures to be completed within five (5) calendar days after final grade or earth change.

## **THIS PERMIT MUST BE POSTED AT THE PROJECT SITE**

219 E. Paw Paw St., Suite 301, Paw Paw, MI 49079-1492
*Phone:* 269.657.8241 Fax: 269.657.8286  *Email:* deyoungc@vanburencountymi.gov or
parmanj@vanburencountymi.gov



**PERMIT CONDITIONS:**

- All construction work shall comply with the requirements of Part 91, Soil Erosion and Sedimentation Control, of the Natural Resources and Environmental Protection Act, P.A. 451 of 1994 as amended (2000).

- This permit does not waive the necessity for obtaining all other required Federal, State, or Local permits.

- The permitted activity shall be completed in accordance with the approved plans and specifications, and the GENERAL (on reverse side) and SPECIFIC (below) conditions.

- Permittee shall notify the permitting agency within one (1) week after completing the permitted activity or one (1) week prior to the permit expiration date, whichever comes first.

**GENERAL CONDITIONS:**

In accordance with Rule 1709 promulgated under the authority of Part 91, Soil Erosion and Sedimentation Control, of the Natural Resources and Environmental Protection Act, 1994 PA 451, as amended, and in addition to the information on the attached plan(s) and special conditions, the following general conditions apply to the earth change authorized by this permit:

- Design, construct and complete the earth change in a manner that limits the exposed area of disturbed land for the shortest period.

- Remove sediment caused by accelerated soil erosion from runoff water before it leaves the site of the earth change.

- Temporary or permanent control measures shall be designed and installed to convey water around, through, or from the earth change at a non-erosive velocity.

- Install temporary soil erosion and sedimentation control measures before or upon commencement of the earth change activity and maintain the measures daily.

- Remove temporary soil erosion and sedimentation control measures after permanent soil erosion measures are in place and the area is stabilized. ("Stabilized" means the establishment of vegetation or the proper placement, grading, or covering of the soil to ensure its resistance to soil erosion, sliding, or other earth movement.)

- Complete permanent soil erosion control measures for the earth change within five calendar days after final grading or upon completion of the final earth change. If it is not possible to permanently stabilize the earth change, then maintain temporary soil erosion and sedimentation control measures until permanent soil erosion control measures are in place and the area is stabilized.



STATE OF MICHIGAN

IN THE 36TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

**********

HOLLY BOONE,

               Plaintiff,

   vs.

COLUMBIA TOWNSHIP,

               Defendant.

Case No. 23-073175-CH

HONORABLE _____

---

David M. Zessin (P33609)
Derek W. Dalman (P80169)
CUNNINGHAM DALMAN, P.C.
Attorneys for Plaintiff
321 Settlers Road, P.O. Box 1767
Holland, MI 49422-1767
(616) 392-1821

---

### JURY DEMAND

NOW COMES Plaintiff, Holly Boone, by and through her attorneys, Cunningham Dalman, P.C., and hereby demands a trial by jury pursuant to the court rules and statutes made and provided with respect to the above entitled cause.

                                       Cunningham Dalman, P.C.
                                       Attorneys for Plaintiff

Dated: August 2, 2023           By: _____
                                        Derek W. Dalman (P80169)